MORTGAGE DEED — DOCUMENTARY STAMP TAX Title 68 O.S. 5101 [68-5101] (1971), requires that documentary stamps be applied unless otherwise exempted by 68 O.S. 5102 [68-5102] (1971). The Attorney General's Office is in receipt of your letter wherein you ask the following question: "When a mortgagee holds a mortgage on a given piece of real property, does a deed in lieu of foreclosure require that documentary stamps be affixed?" Title 68 O.S. 5101 [68-5101] (1971), et seq., sets forth the Documentary Stamp Tax Act. Section 68 O.S. 5101 [68-5101] sets forth the imposition of tax: "A. There is hereby imposed on each deed, instrument, or writing by which any lands, tenements, or other realties sold shall be granted, assigned, transferred, or otherwise conveyed or vested in the purchaser or purchasers, or any other person or persons, by his or their direction, when the consideration or value of the interest or property conveyed, exclusive of the value of any lien or encumberance remaining thereon at the time of sale, exceeds One Hundred Dollars ($100.00), a tax at the rate of fifty-five cents ($.55) for each Five Hundred Dollars ($500.00) or fractional part thereof." Section 68 O.S. 5102 [68-5102] sets forth the exemptions wherein the tax and required documentary stamps are not required. Section 68 O.S. 5102 [68-5102] states: "The tax imposed by Section 5101 of this title shall not apply to: "1. Deeds recorded prior to the effective date of the enactment of this act; "2. Deeds which secure a debt or other obligation; "3. Deeds which, without additional consideration, confirm, correct, modify or supplement a deed previously recorded; "4. Deeds between husband and wife, or parent and child, or any persons related within the second degree of consanguinity, without actual consideration therefor; "5. Tax deeds; "6. Deeds of release of property which is security for a debt or other obligation; "7. Deeds executed by Indians in approval proceedings of the District Courts or by the Secretary of the Interior; "8. Deeds of partition, unless, for consideration, some of the parties take shares greater in value than their individual interests, in which event a tax attaches to each deed conveying such greater share computed upon the consideration for the excess; "9. Deeds made pursuant to mergers of corporations; "10. Deeds made by a subsidiary corporation to its parent corporation for no consideration other than the cancellation or surrender of the subsidiary's stock; "11. Deeds or instruments to which the State of Oklahoma or any of its instrumentalities, agencies or subdivisions is a party, whether as grantee or as grantor or in any other capacity; "12. Deeds or instruments to which the United States or any of its agencies or departments is a party, whether as grantor or as grantee or in any other capacity, provided that this shall not exempt transfers to or from national banks or federal savings and loan associations or "13. Deeds in foreclosure actions where (1) the purchaser was the original grantor to the defendant; and (2) the purchaser is the plaintiff in the foreclosure action; and (3) the purchaser bid the amount of the judgment or less and no cash consideration is paid; provided, however, the tax shall apply to deeds in all other foreclosure actions, unless otherwise herein above exempted, and shall be paid by the purchaser in such foreclosure action." It is clear that a "deed in lieu of foreclosure" is not specifically exempted from application of the documentary stamp tax as provided in Section 68 O.S. 5101 [68-5101]. Therefore, documentary stamps would be required unless the deed was otherwise exempted by authority of Section 68 O.S. 5102 [68-5102] (1971). It is, therefore, the opinion of the Attorney General that 68 O.S. 5101 [68-5101] (1971), requires that documentary stamps be applied unless otherwise exempted by 68 O.S. 5102 [68-5102] (1971). (Donald B. Nevard)